Jones *v.* Waters et al.

JONES, Respondent, *vs.* WATERS *et al.*, Appellants.

1. A testator devised real estate to his wife, "for and during her natural life, and after her death to descend to her children by him, equally, share and share alike." *Held,* this created a vested remainder in the children.

*Appeal from Perry Circuit Court.*

The plaintiff, Francis L. Jones, filed his petition in the Circuit Court of Perry county, praying partition of several valuable tracts of land in Perry county, formerly the property of Joab Waters, which were by the will of Joab Waters, "devised to his beloved companion, Polly Ann Elizabeth Caldwell, then called Polly Ann Elizabeth Waters, for and during her natural life, and after her death to descend to her children by him, equally, share and share alike." The testator died in 1831. At the time the will was made, and at the death of Joab Waters, there were several children of the marriage, and

among them, one called David C. Waters, who died before his mother. He died in 1845, and his mother, Polly Ann Elizabeth Waters, in 1851. Letters of administration were taken out on his estate, and his interest in the lands devised to Polly Ann Elizabeth Waters sold under a regular order of the county court, and Francis L. Jones acquired whatever interest said David C. Waters had, at the time of his death, in the lands in controversy.

The plaintiff, in his petition, insists, that David C. Waters had a vested remainder in the lands devised by Joab Waters to his wife for life, and after her death to descend to his and her children. The defendants, in their answer, deny that the plaintiff has any title, and insist that the will created no vested remainder in the children. They also show that, upon the supposition a vested remainder was created by the will, still the interests of the parties are not correctly stated in the petition, for the reason, that no mention is made of one of the children of the marriage, Theresé, who died in 1832, shortly after her father.

The court decided that a vested remainder was created by the will, and gave judgment of partition accordingly, correcting some errors in the statements of the interests of the parties shown to exist in the petition. The defendants filed a motion for a review and new trial, which was overruled by the court, and the case brought to this court by appeal.

*M. Frissell,* for appellants. By the terms of the will, nothing could vest in the children under it till the death of the mother, and the remainder only vested in such of the children as were living at the mother's death. It comes within the description of an executory devise, which is defined by Fearne to be a devise of a future interest in land, not to take effect at the testator's death, but limited to arise and vest upon some future contingency ; or more accurately, by the same author, such a limitation of a future estate in lands or chattels as the law admits in the case of a will, though contrary to the rules of limitation of conveyances at common law. In this view

of the law, David C. Waters, at his death, had no interest, and the petitioner acquired none.

*J. W. Noell*, for respondent. 1. By virtue of the provisions of the will of Joab Waters, deceased, his children, by his then wife, (under one of whom the plaintiff claims,) took a vested remainder, subject to the life estate of their mother. 4 Kent's Com. 202 to 206. 2. Admitting, for the sake of argument, that the provisions of the will would make a case falling within the rule in Shelley's case, yet, the rule in Shelley's case was abolished in this state in 1825, by statute. 4 Kent's Com. 231. R. C. 1825, vol. 1, p. 216, sec. 4. Ib. vol. 2, p. 794, sec. 18. 1 Hilliard on Real Property, 647.

GAMBLE, Judge, delivered the opinion of the court.

1. There is no difficulty in construing the devise in the will of Joab Waters to his wife and children. He devises the property to his wife "for and during her natural life, and after her death to descend to her children by me, equally, share and share alike." The statute in force when this will was made, and which has ever since been continued in force, provides: "That, whenever any person shall, by his or her last will and testament, devise any lands, tenements, or hereditaments to any person for and during the term of such person's natural life, and after his or her death, to his or her children, or heirs, or right heirs in fee, such devise shall be taken and construed to vest an estate for life only in such devisee and a remainder in fee simple in such children, heirs, or right heirs, any law, usage or custom to the contrary notwithstanding. R. C. 1825, 794, sec. 18. No question can arise here whether the mother's interest is greater than a life estate. It is just that estate and nothing more. Nor is any plausible reason given for holding, that the remainder shall not vest in the children until the mother's death. It is the capacity to take effect in possession, if the particular estate was at once determined, which makes a remainder a vested remainder. Here, the devi-

sees in remainder are ascertained by the will, and they are to have the enjoyment of the estate as soon as the estate for life ends. The devise of the remainder is not, to such of the children as may be alive at the death of the mother, but to all the children of the marriage. There is no event or contingency interposed between the death of the mother and the enjoyment of the estate by the persons in remainder, but immediately on her death it descends to them. The law favors vested estates, and no remainder will be construed to be contingent which may, consistently with the intention, be deemed vested. 4 Kent's Com. 203.

The child of Joab Waters, who died before his mother, had a vested remainder, which was an estate in the land that could be sold. The judgment of the Circuit Court is, with the concurrence of the other judges, affirmed.