Landon *v.* Moore.

For these reasons we advise that judgment be arrested.

In this opinion the other judges concurred.

EDWARD R. LANDON AND ANOTHER, ADMINISTRATORS, *vs.*
CHARLES A. MOORE AND OTHERS.

A testator made the following bequest: "I give to my daughter *M*, wife of *C*,
one-third of all the residue of my estate, real and personal, to hold the same
to her and her heirs, to her sole and separate use, free from the interference or
control of her husband; at her death to go immediately to her children, if
she have any; her husband, if he survives her, not to have any use of the
same, but that it be for her children." Held that the estate given was a fee
and not a life estate.

PETITION in equity to the Superior Court in Middlesex
County, asking the advice of the court as to the construction
of the will of Henry M. Stannard, the petitioners being admin-
istrators of his estate with the will annexed. Facts found
and case reserved for advice.

*L. Harrison,* for the petitioners.

*W. I. Elmer,* for the principal respondent.

PARK, C. J.   The only question of importance in this case
is, whether Mary I. Moore takes an estate in fee under the
twelfth clause of the will of her late father, or takes only an
estate for life. The clause in question is as follows:   "I
give, bequeath, and devise to my daughter, Mary Isabel, wife
of Charles A. Moore, one-third of all the rest and residue of
my estate, both real and personal, to hold the same to her and
her heirs, to her sole and separate use, free from the interfer-
ence and control of her husband; at her death to go immedi-
ately to her children, if she have children at that time.   It is
my will and direction that in case of her husband's surviving
her, (my said daughter Isabel,) he shall not have any use or

improvement of the same, but that it be for her children." Whatever doubt there is with regard to the matter is created by the words "at her death to go immediately to her children," and "that it be for her children." These expressions, disconnected from the context, would indicate a life estate, but when taken in connection with it show clearly what was in the mind of the testator when he incorporated them in his will. He was very anxious to have it clearly appear that his daughter's husband should have no part whatever of the income of the property he was giving her; and this anxiety led him to use particular care, and to say, that after her death he should have no part of the "use or improvement of the same." This provision is inconsistent with a devise of a life estate to the daughter, and is only consistent with a gift to her of an estate in fee. A life estate in the daughter would become extinguished at her death, leaving no estate to be enjoyed by the husband; but inasmuch as there were children of the marriage the husband would have an estate for life in the real estate of the wife, held by her in fee, unless the estate was given to her for her sole and separate use. The testator seems to have been aware of this, and to have been determined to put the matter beyond all doubt. He first declares that the property shall be held by her "to her sole and separate use," but fearing that this was not enough he adds, "free from the interference and control of her husband;" and then to make the matter more sure, he adds, "at her death to go immediately to her children." Why was that word "immediately" inserted? It seems to us to be significant, and to show his desire that the estate should not linger in the hands of her husband, after her death, lest he might be able in some way to get a hold upon the income of the property.

We are satisfied that the testator intended to give an estate in fee to the daughter in the twelfth clause of his will, and that what he said with regard to the property going to her children after her death, was said to make it clear that the property was to be her sole and separate estate, with no right in it on the part of her husband.

This construction is further supported by. the fact that, in the eleventh clause of the will, the testator grants an estate for life to his wife, and uses proper language for the purpose; thereby showing that if he had intended to grant only a life estate to the daughter, in the clause in question, he knew how to do it, and would have used appropriate language for the purpose. He granted estates in fee in other clauses of the will, in clear and definite terms; and it is conceded that the language made use of in the twelfth clause was amply sufficient to convey a fee had the testator omitted that part of it which we have considered.

The construction we have given is further supported by the fact that the testator declares his intention in his will to treat his two daughters equally in the disposition of his property. That intention must have been immediately changed after it was expressed, if he granted only a life estate to his daughter Mary in the clause in question.

We advise the petitioners that Mary I. Moore takes an estate in fee under the twelfth clause of the will in question.

In this opinion the other judges concurred.