## CHEW et al., Appellants, v. KELLER.

1. **Vested and Contingent Remainders.** The vested or contingent character of a remainder is determined not by the uncertainty of enjoying the possession, but by the uncertainty of the vesting of the estate.

2. ———. The law favors vested estates, and, where it is doubtful whether the remainder is vested or contingent, the courts will construe it as a vested one.

3. ———: LIMITATION AFTER A FEE : FUTURE USE, ETC. A remainder cannot be limited after an estate in fee, though a future use or executory devise may be created to take effect on the contingent determination of the prior estate in fee.

4. **Will, Construction of:** TESTATOR'S INTENTION. Effect should be given to the intention of the testator in the construction of a will, and the words used are to be understood in the sense indicated by the whole instrument.

5. ———: ———: WORD "HEIRS." The word "heirs" will be considered as a word of limitation and not of purchase, unless the will clearly shows that it is used to designate a new class of beneficiaries.

6. ———: CUTTING DOWN ESTATE IN FEE SIMPLE. An estate in fee created by a will cannot be cut down or limited by a subsequent clause, unless the testator has clearly declared such to be his intention.

7.  The Will in this Case construed and *held* that a devisee named
therein took an absolute vested remainder in fee simple, and that
his heirs took from him by descent and not as subtituted devisees.

*Appeal from St. Louis City Circuit Court.* — HON.
L. B. VALLIANT, Judge.

AFFIRMED.

   *R. M. Nichols* for appellants.

   (1)  The clause, "And, in case either of them
shall die before the said Jemima, then the heirs of such
persons so dying shall take his or her portions so
devised," is substitutional, creating new and independ-
ent objects of the testator's bounty.    Jarman on Wills
[5 Am. Ed.] ch. 30, p. 742, notes by Randolph and
Talcott; *Tillman v. Sullivan,* 63 How. Pr. 356, affirmed
95 N. Y. 17; *Drake v. Pell,* 3 Edward Ch. Rep. 251;
*Burnes v. Labough,* 38 Hun. 524, aff. by N. Y. Ct.
App., 5 Cent. Rep. 405; *Chew's App.,* 37 Pa. St. 24;
*Livingston v. Greene,* 52 N. Y. 123; *Buck v. Payne,* 75
Me. 586; *Dodd v. Wenship,* 144 Mass. 461; *Ruff v.
Strite,* 54 Md. 298; *Wright v. Dugan,* 15 Abb. N. C.
116; *Collins v. Collins,* 40 Ohio St. 353; *Battle v. House,*
68 Tenn. 202; *Eagle v. State,* 5 Atlantic Rep. 250;
*LeFoy v. Campbell,* 6 Atlantic Rep. (N. J.) 300; *Bean
v. Kenmuir,* 86 Mo. 666.  (2)  Where the word "heirs"
is used in a will to denote succession to or substitution
of the right of a failing devisee or legatee, the word is
construed to have been used in its secondary sense and
as a word of purchase.    Woerner on Am. Law of
Adm'r, p. 902, *et seq.;* Williams on Executors [Perkins'
Ed.] p. 1193; *Keay v. Boulton,* 25 Chancery D. 219;
*Clark v. Cordis,* 86 Mass. 480; *Fabens v. Fabens,* 141
Mass. 399; *Cushman v. Horton,* 59 N. Y. 149; *Putnam
v. Story,* 132 Mass. 205; *Reinders v. Koppelman,* 94
Mo. 338.

*Boyle, Adams & McKeighan* for respondent.

(1) Where a remainder is devised in one part of the will, it will not be cut down or limited by a subsequent clause unless the subsequent clause is as clear and decisive in the expression of an intention to so limit or cut down as is the clause devising the remainder. *Thornhill v. Clark*, 2 Clark & Finn. 22 (36); *Clavering v. Ellison*, 3 Drewry, 470; *Johnson v. Cook*, 12 Ch. Div. 653; *Dodson v. Hay*, 3 Brown's Ch. C. 404 (409); *Brocklebank v. Johnson*, 20 Beav. 205; *Doe v. Considine*, 6 Wall. 458 (470); *Byrnes v. Stilwell*, 103 N. Y. 453; *Temple v. Sammis*, 97 N. Y. 526; *Freeman v. Coit*, 96 N. Y. 63; *Campbell v. Baumont*, 91 N. Y. 464 (468–9); *Clark v. Leupp*, 88 N. Y. 231; *Rooseboom v. Rooseboom*, 81 N. Y. 359; *Dannell v. Hartt*, 137 Mass. 218; *Parker v. Iasigi*, 138 Mass. 416; *Fairfax v. Brown*, 60 Md. 50 (60–1); *Pue v. Pue*, 1 Md. Ch. 38; *Mickley's Appeal*, 92 Pa. St. 514; Schouler on Wills, secs. 468, 474, 478; 2 Jarman on Wills, 470–1. (2) The law favors the vesting of estates at the earliest possible period. *Doe v. Considine*, 6 Wall. 475; *Moore v. Lyon*, 25 Wend. 119 (126); *Gold v. Judson*, 21 Conn. 622; *Johnson v. Valentine*, 4 Sandf. R. 43; *Chew's Appeal*, 37 Pa. St. 28; *Brocklebank v. Johnson*, 20 Beav. 205; 2 Washburn Real P. [4 Ed.] *pp. 226–7. (3) And a limitation will not be construed as an executory devise when it is capable of taking effect as a remainder; nor will a remainder be deemed contingent, when, consistently with the intention, it can be construed to be vested. 2 Washburn Real Prop. [4 Ed.] pp. 545, 577 (*pp. 226, 251); *Collier's Will*, 40 Mo. 287; *Jones v. Waters*, 17 Mo. 587 (590); *Leslie v. Marshall*, 31 Barb. 566; *Gibbens v. Gibbens*, 140 Mass. 102; *Blanchard v. Blanchard*, 1 Allen, 225; *Blanchard v. Brooks*, 12 Pick. 63; *Manderson v. Sukens*, 23 Pa. St. 31.

(4) Words of futurity are to be construed, where possible, to refer to the possession or enjoyment of an estate, and not as intending to postpone the vesting in interest. Schouler on Wills, sec. 562; *Collier's Will*, 40 Mo. 287; *Livingston v. Greene*, 52 N. Y. 123; *Linton v. Laycock*, 33 Ohio St. 128; *Moore v. Lyons*, 25 Wend. 119; *Miller v. Carahan*, 35 Hun. 485; *Enebury v. Sheldon*, 68 N. Y. 236; *Minot v. Harris*, 132 Mass. 528; *Darling v. Blanchard*, 109 Mass. 176; *Manderson v. Sukens*, 23 Pa. St. 31.   (5) The word "heirs" will be construed as a word of limitation and not of purchase unless the will shows clearly that it is used as a word of purchase intending to designate a new class of beneficiaries. Schouler on Wills, sec. 485; *Landon v. Moore*, 45 Conn. 422; *Thurber v. Chambers*, 66 N. Y. 42; *Linton v. Laycock*, 33 Ohio St. 136; *Creswell's Appeal*, 40 Pa. St. 288; *Braun v. Elzy*, 83 Ky. 444. (6) The intention of the testator is to be gathered not from single words, passages or sentences, but from a consideration of the whole instrument—its general scope and design—and in the light of the circumstances surrounding the testator at the time of its execution. *Munroe v. Collins*, 95 Mo. 37 (41); *Russell v. Eubanks*, 84 Mo. 86; *Carber v. Alexander*, 71 Mo. 585; Schouler on Wills, sec. 468.   (7) Words occurring more than once are presumed to be used always in the same sense. 1 Redfield on Wills, 437n (rule 18); Schouler on Wills, sec. 471; *Clavering v. Ellison*, 3 Drewry, 472.   (8) A later clause in a will should be deemed to affirm, not to contradict, an earlier clause, if such construction can be fairly given. Schouler on Wills, sec. 474.   (9) In construing a will the predominant idea of the testator must be kept in view. Schouler on Wills, secs. 476. (10) Technical words employed in a will are presumed to have been used in their settled legal sense unless the contrary is clearly manifest. Schouler on Wills, sec. 470.

BLACK, J.—This suit has for its object the specific performance of a contract for the sale of the two-ninths of the undivided one-half of the described real estate situated in the city of St. Louis.    The plaintiffs are the vendors, and the defense is that they have no title to the property; and whether they have any title depends upon the construction to be given to the will of Jesse G. Lindell, who died in February, 1858, the will being dated in January of that year.    Jesse G. Lindell left a large landed estate of the assessed value of six hundred thousand dollars, incumbered by mortgages to the amount of fifty-five thousand dollars.    He left a widow, Jemima Lindell, but no children.    By his will he devised all of his property, real and personal, to his wife for life, giving to her power to mortgage any of it, to renew mortgages and to make leases for a term not exceeding forty years.

It then provides :    '' And I further declare it to be my will that the said Jemima shall have power to dispose of one equal undivided half of all my real estate, in fee simple absolute, by her will, to whomsoever she may think fit, and if she shall die intestate then said equal, undivided half of my real estate, shall descend to her, the said Jemima Lindell's heirs at law.

''And I further devise and bequeath the other equal undivided half of my real estate unto Levin Baker two-ninths thereof, Eliza Lindell one and a half ninth thereof, Mary Lindell one and a half ninth thereof, Sarah Coleman one-ninth thereof, Robert Baker one-ninth thereof, Hetty Collins one-ninth thereof, Peter Lindell, Jr., two sons, Jesse and Peter, each one-half of one- ninth thereof to·have and to hold in said parts unto them, as tenants in common to them and their heirs forever; but the said devisees last named are not to take possession of or be entitled to enter into possession of their said parts undivided of the undivided half of my said real estate, until the death of the said Jemima

Lindell; and upon her death the said devisees, Levin Baker, Eliza Lindell, Mary Lindell, Sarah Coleman, Robert Baker and Hettie Collins, my nephews and nieces, and Jesse and Peter Lindell my grand nephews, last named shall take the said parts so devised to them respectively as tenants in common, and in case either of them shall die before the said Jemima, then the heirs of such person so dying shall take his or her portion so devised."

A subsequent clause gives the wife power to sell real estate, to pay off mortgages which may not be renewed or paid by giving new mortgages, and then states, "and if such sales are made for such purposes, then the real estate, remaining after such sales, shall pass to, and be devised in the manner above specified; one-half thereof going to the said Jemima and her heirs absolutely, and the other half thereof to the said other devisees at the death of the said Jemima and their heirs in the manner and form as above specified.

Levin Baker, to whom was devised two-ninths of one-half in remainder, was married and had one child at the date of the will. He was adjudged a bankrupt in 1876, and his interest in the property in question was sold by his assignee in bankruptcy in 1881, and he died in 1883 leaving a son and two daughters who are the plaintiffs, the daughters being joined in this suit by their husbands. Jemima Lindell survived Levin Baker. The claim of the plaintiffs is, that as their father died during the life of Jemima Lindell, they take as purchasers under the will, and not by descent from their father. If this be the true meaning of the will, then they are the owners of the two-ninths of the undivided one-half of the property in suit.

There can be no doubt but Levin Baker took an estate in remainder by the Lindell will, and the first inquiry is whether it is vested or contingent. The vested or contingent character of a remainder is

determined, not by the uncertainty of enjoying the possession, but by the uncertainty of the vesting of the estate. Says Kent, a vested remainder is a fixed interest to take effect in possession after a particular estate is spent. It is the present *capacity* of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder. 4 Kent, 203; 2 Washb. Real Property [4 Ed.] 547. And so it was held by this court in *Jones v. Waters*, 17 Mo. 587. The law favors vested estates, and, where there is a doubt as to whether the remainder is vested or contingent, the courts will construe it as a vested estate. *Collier's Will*, 40 Mo. 287. Adverbs of time, as *when there, after, from* and like expressions, do not make a contingency, but merely denote the commencement of the enjoyment of the estate. 4 Kent [11 Ed.] 230*n; Doe v. Considine*, 6 Wall. 458. The expressions that they, Levin Baker and others, are not to take possession of the property devised "until the death of Jemima Lindell," and that "upon her death" the devisees shall take the parts as tenants in common, all relate to the times when the devisees shall have possession, and have nothing to do with the vesting of the estate. There can be no doubt but Levin Baker took a vested fee in remainder.

There can be no remainder limited after an estate in fee, though there may be a future use or executory devise. One class of executory devises is where the devisor parts with his whole estate, but, upon some contingency, qualifies the disposition of it, and limits an estate on that contingency. 4 Kent, 269. Though Levin Baker did take a vested fee in remainder, still it was competent for the testator to limit an estate upon that fee, to take effect in the event that he died before Jemima Lindell, the life tenant.

The words of the will relied upon by plaintiffs for such a conditional limitation in their favor are : "And, in case either of them shall die before the said Jemima, then the heirs of such persons so dying shall take his or her portion so devised."

The real question is whether the testator used the word "heirs" in this clause of the will for the purpose of introducing new objects of his bounty, so that the persons answering the description of heirs of Levin Baker will take as purchasers, or whether he used the the word as one of limitation, as he evidently does in a preceding clause of the same devise. We may here mention, as guides, some of the established rules of construction. . The first, and to which the others are aids, is that effect should be given to the intention of the testator, and the words used are to be understood in the sense indicated by the whole instrument. The word "heirs" will be considered as a word of limitation and not of purchase, unless the will shows clearly that it is used to designate a new class of beneficiaries. 2 Washb. Real Prop. [5 Ed.] 654; *Landon v. Moore,* 45 Conn. 422; *Thurber v. Chambers.* 66 N. Y. 42; *Linton v. Laycock,* 33 Ohio St. 136. So the word "heirs" will be held to mean child or children when necessary to carry out the clear intention of the testator. *Haverstick's Appeal,* 103 Pa. St. 394. Indeed, these rules apply as well to deeds as to wills. *Rines v. Mansfield,* 96 Mo. 394; *Waddell v. Waddell,* 99 Mo. 338. Again, an estate in fee created by a will cannot be cut down or limited by a subsequent clause, unless it is as clear and decisive as the language of the clause which devises the real estate. *Freeman v. Coit,* 96 N. Y. 63; *Byrnes v. Stilwell,* 103 N. Y. 453; *Landon v. Moore, supra.*

In the will before us, the testator gives to his wife and her heirs the one-half of his real estate, and to her he gives a life-estate in the whole of his property with

power to renew existing, and to make, new mortgages, and to make leases, not exceeding forty years in duration. He then disposes of the other half by dividing it into ninths, and here it is well to recall portions of the language used. He says: "I further devise and bequeath the other equal undivided half of my real estate unto Levin Baker two-ninths thereof, Eliza Lindell one and a half ninths thereof * * * to have and to hold in said parts unto them as tenants in common to them and their heirs forever;" but the said devisees "are not to take possession or be entitled to enter into possession" until the death of said Jemima Lindell, "and upon her death the said devisees (naming them again) shall take the said parts so devised to them respectively as tenants in common, and, in case either of them shall die before Jemima, then the heirs of such so dying shall take his or her portion so devised."

Stronger language could not have been used to show and disclose a purpose and intent to confer upon Levin Baker and the other named persons an absolute and unconditional fee. The estate is given to "them and their heirs forever." This expression, though unnecessary to create a fee, is an appropriate one for that purpose; and that the word "heirs" is here used in its ordinary legal sense as one of limitation only cannot be doubted. The testator seems to have supposed it necessary to point out the time when those devisees should enter into and enjoy possession of the property, and this time he fixes at the death of Jemima Lindell. To his mind this was of prime importance, for he fixes the time by stating it in a negative and affirmative form of expression. With this matter made so prominent it was but natural that he should make some provision in case any of the devisees died before the date at which they should take possession, and this, too, without intending to substitute a new class of beneficiaries.

When he says, in case either of them shall die before the life tenant, the heirs of such person so dying

shall take his or her portion, he is speaking in affirmation of what he said at the beginning of the paragraph where he gave to the named persons an absolute and unqualified fee in remainder. The word "heirs" seems to be used in the same sense in both cases. Certain it is we have here a fee created by the use of strong and appropriate words to begin with, and it should not be cut down to a defeasible estate unless the testator has clearly declared that to be his intention. That intention is not disclosed by the clause relied upon by the plaintiffs, for it must be read in connection with the preceding portion of the same devise. Taking the entire paragraph together it cannot be said to have been the intention of the testator to bring forward the heirs of Levin Baker as substituted beneficiaries in case he shall die before Jemima Lindell. They are only mentioned as taking by descent from their father, and the will does not contemplate that they are to take as substituted devisees. It may be and doubtless is true, that much that is said in this will was unnecessary because the law would supply what is said in several instances, but in construing the will we must take it as a whole, and then determine the intention of the testator.

Many arguments may be made on the one side and the other based upon a consideration of the situation in life of the persons who were made beneficiaries in this will, but, after all, such arguments will be found to be pure speculations and unreliable guides. Counsel for appellants has collected and presented in his able brief a vast number of authorities, and one or two of them may be noticed here, though they have all been examined. In *Tillman v. Davis*, 95 N. Y. 17, the testatrix directed her executors to set off one-half of her estate for the use of her husband during his life, and provided that this half should be divided into seven equal parts, and as to these parts the will says : "I give, devise and bequeath one of said seven equal parts of one of the said

two equal parts to each of the following persons and their heirs ( William N. Davis is mentioned as one), the heirs of any or either of the foregoing persons who may die before my said husband to take the share which the person or persons so dying would have taken if living." Davis died before the husband of the testatrix, leaving a will whereby he devised his interest in the property so bequeathed to him to his wife, and the wife of Davis came forward as a claimant under her husband's will. It was held to be immaterial whether Davis took a vested or contingent interest, because, whatever it was, it terminated at his death. In that event, says the court, it is quite clear that his heirs were to take by substitution in his place under the will of the testatrix.

That case gives support to the construction contended for by the appellants in the case at bar. But it is to be remembered the testatrix constituted her executor's trustees, and vested the title in them with directions to convert the property into money and distribute the proceeds. Where property is by will vested in trustees with directions to convert the same into money, the directions for carrying the active trust into execution determine largely the character of the estate which the devisees take. In *Buck v. Paine*, 75 Me. 583, the testator gave the one-half of his estate to trustees to have and to hold "for the equal use and benefit of my two grandchildren, Thomas and Susan Rich, * * * for the term of three years, at the end of which time the trust shall cease, and each one's share shall then go to said children respectively." The trustees were given full power to sell and convey. A subsequent clause provides : "If either of said children die before the the trust ceases, his or her legal heirs shall be substituted in place of deceased in every respect." Susan died testate within the three years, and the question was whether the estate passed by her will to her devisees. It was held the words of the will created an

equitable vested fee in Susan, but subject to a condition, and that her death, during the continuance of the trust, defeated the fee, and the devise only took effect as an executory devise. The opinion in that case gives a concise and very clear statement of the law, but it will be seen the substitutional clause of the will is too clear to admit of doubt, and there is nothing in other parts of the will to modify the clear import of the words used.

Enough has been said to verify the remarks made in *Preston v. Brant*, 96 Mo. 556, where it is said: "It may be said, that in construing wills precedents are of but little value except in so far as they may be like the case in hand, and except in so far as they may formulate and lay down rules to be applied alike in the construction of all wills."

The circuit court held that Levin Baker took a remainder in fee free from any condition, and this we believe to be the true construction of the Lindell will, and the judgment is, therefore, affirmed. BARCLAY, J., not sitting; the other judges concur.