PATRICK *et al.*, *Appellants*, v. BLAIR *et al.*

Division One, December 23, 1893.

Trust Deed: VESTED REMAINDER: LIMITATION OVER: DESCENT.   A trust
    deed conveyed real estate to a trustee to hold for the separate use of
    an infant beneficiary, and provided that one-half of the estate should
    be transferred to the beneficiary, when she attained the age of
    eighteen years, and the other half when she attained the age of
    twenty-five years, subject, however, to the condition that if she
    married or died leaving issue, the trustee should convey the property
    to the child or children of the marriage, or if said beneficiary should
    die before attaining the age of twenty-five years leaving no issue,
    then the trustee should convey one-sixth of the estate to P., the
    infant's father, and five-sixths to M., the grantor in the trust deed.   The
    deed also contained a further provision to the effect that if P. should
    repay to the trust estate a certain debt due it, then the interest
    going to him on the death of the infant without issue before reaching

the age of twenty-five years should be increased to one-third of the estate and that of M. should be diminished to two-thirds. The infant died at the age of seven years and without having married. *Held,* (1) that she took a vested remainder in the property so conveyed as distinguished from a contingent remainder, and (2) that the estate passed on her death by way of limitation over to M. and P. and did not descend to her heirs.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Pence & Carpenter* for appellants.

(1) The estate conveyed by McManus to Blair, the trustee, vested in Camille W. Patrick, subject to the chattel interest in the trustee. *Chew v. Keller,* 100 Mo. 362; 4 Kent Com. star pp. 202-206; 1 Jarman on Wills [Bigelow's Ed.], star p. 805, 837; 2 Redfield on Wills, p. 225, sec. 18; *Doe v. Nowell,* 1 Maule & S. 327; *Bromfield v. Crowder,* 1 B. & P.,. New Rep. 313; *In re Bartholomew,* 1 Mac. & G. 353; *Croxall v. Shererd,* 5 Wallace, 268; *Doe v. Considine,* 6 Wall. 458; *Williamson v. Fields,* 2 Sanford's Ch. 533; *Blanchard v. Blanchard,* 1 Allen, 227; *More v. Lyons,* 25 Wend. 119; *Gray v. Garman,* 2 Hare, 268; *Bland v. Williams,* 3 Myl. & K. 411; *Land & Loan Co. v. Bonner,* 75 Ill. 315; *Lunt v. Lunt,* 108 Ill. 307; *Manderson v. Lukens,* 23 Pa. St. 31; *Hawley v. James,* 5 Paige, 466; *Jones v. Waters,* 17 Mo. 587; *Doe v. Lea,* 3 Term. Rep. 41; *Stanley v. Stanley,* 16 Ves. 491; *Doe v. Nicholls,* 1 Barn. & Cress. 336. (2) Although the title in Camille W. Patrick was vested it was defeasible by the happening of certain events thereafter. The estate in her is what is known as a defeasible, determinable or base fee. *Doe v. Considine,* 6 Wallace, 474; *Church v. Grant,* 3 Gray, 142; 1 Jarman on Wills [Bigelow's Ed.], star pp. 865,

Patrick v. Blair.

866; 4 Kent Com., star pp. 125, 126, 128, 129; 1 Preston on Estates, 93; *Bowditch v. Ayrault*, 33 N. E. Rep., May 29, 1893, page 1067 (N. Y. Court of Appeals). (3) The estate being so vested in fee to Camille W. Patrick, and the event never happening upon which it was to be divested, it became indefeasible upon the death of Camille W. Patrick and descended to her heirs at law. (4) An estate being once vested, it can not be divested and sent in another direction, unless the intent be clear to so divest it. 2 Williams on Executors [6 Am. Ed.], bottom p. 1273; *Doe v. Considine*, 6 Wallace 476; *Chew's Appeal*, 45 Pa. St. 232; *Harrison v. Foreman*, 5 Ves. 207; *Smither v. Willock*, 9 Ves. 234; *Malim v. Keighley*, 2 Ves. 333; *Doe v. Perryn*, 3 Term. Rep. 484; *Land & Loan Co. v. Bonner*, 75 Ill. 327. (5) Whenever the instrument creating the trust contains covenants of warranty, then the grantor is estopped from setting up a resulting trust. If a conveyance is made for a valuable consideration there can be no resulting trust to the grantor. A trust deed cannot be turned into a resulting trust for a grantor by proof that it was without consideration. When a use is declared no other use can be shown to result. 1 Perry on Trusts, secs. 151, 159, 160, 161, 162; *Stephenson v. Crapnell*, 114 Ill. 19; *Kingsbury v. Burnside*, 58 Ill. 310; *Jackson v. Cleveland*, 15 Mich. 94; *Graves v. Graves*, 29 N. H. 129. *Bobb v. Bobb*, 89 Mo. 419; *Philbrick v. Delano*, 29 Maine, 410; *Von der Volgen v. Yates*, 9 N. Y. 219; *Doe v. Considine*, 6 Wallace, 471.

*E. McGinnis* and *S. T. Price* for respondents.

(1) A will is to be construed, not from particular words, phrases or clauses, but from the whole instrument and every part thereof taken as a whole, and if it contains any doubtful or ambiguous expressions the

situation of the testator, the objects of his bounty and all the circumstances surrounding the parties may be considered. *Smith v. Bell*, 13 Pet. 74; *Nichols v. Boswell*, 103 Mo. 151; *Howland v. Howland*, 9 N. Y. Supplement, 233; *Rogers' Estate*, 29 Pac. Rep. (Cal.) 962; *Wager v. Wager*, 96 N. Y. 164. The same rule of construction applies also to deeds creating like estates and trusts. *Bruensman v. Carroll*, 52 Mo. 313; *Rutherford v. Tracy*, 48 Mo. 325; *Cornelius v. Smith*, 55 Mo. 528. (2) In construing doubtful or ambiguous phrases in wills and such deeds, courts favor that construction which will prevent property from going to strangers in blood to the testator or grantor. *Smith v. Upton*, 13 S. W. Rep. 721; *Davis v. Harding*, 80 Ky. 672.

MACFARLANE, J.—On the sixteenth day of May, 1888, Thomas Ward McManus executed and delivered to Gist Blair as trustee, with covenants of warranty, certain real estate (which is described) in consideration of $5 "and other considerations moving him thereto." The *habendum* clause of the deed is as follows:

"To have and to hold all the aforesaid granted lands, tenements and hereditaments, with all the buildings and improvements thereon, and with all the rights, privileges and appurtenances thereunto belonging or in anywise appertaining, and all the personal property aforesaid unto him, the said Gist Blair, party of the second part, and to his heirs and assigns forever. In trust, however, for the following purpose, to-wit: to hold, manage, use and apply the same, with all the rents, issues, profits and increase thereof to the sole and separate use and benefit of the said Camille W. Patrick, party of the third part, free from the debts, interference, control, curtesy and marital rights whatsoever of any future husband she may have."

Then follows a declaration of the powers and duties

of the trustee in respect to the management of the property. These fully invested him with authority to collect incomes and profits of the trust property and to invest the same, and in case he should consider it for the best interest of the estate, he was authorized, after obtaining a proper order of the court to sell the real estate or to invest the money and personal property in real estate.

The deed then concluded as follows:   "When the said Camille W. Patrick shall arrive at the age of eighteen years, the said Gist Blair, party of the second part, or his successor or successors in this trust, shall convey, assign, transfer and set over unto her by proper deeds, conveyances and instruments, to her sole and separate use free from the debts, claim, interference, control, curtesy or marital rights whatsoever of her then husband or future husband she may have, one-half of the property and estate hereby conveyed, together with one-half of all rents, issues, profits and increase thereof, then in the hands of said trustee or his successor; and the remaining one-half of said estate, together with the remaining one-half of the rents, issues, profits and increase of said estate, the said trustee shall hold to the sole and separate use, as aforesaid, of the said Camille W. Patrick until she shall have arrived at the age of twenty-five years, and shall then convey, transfer, assign and set over all the estate then in his hands to the said Camille W. Patrick, party of the third part, to her sole and separate use, as aforesaid.

"Should the said Camille W. Patrick marry and die, leaving no issue before arriving at the age of twenty-five years, the said Gist Blair, party of the second part, shall, by proper deeds and instruments convey, assign, transfer and set over unto James M. Patrick, the father of said Camille, or to his heirs, one-sixth part of all the estate then in his

hands under the trust created by this conveyance, and the remaining five-sixths thereof he shall convey, assign, transfer and set over, as aforesaid, unto Thomas Ward McManus, or to his heirs; provided, however, that should the said James M. Patrick have repaid out of his own means to said trust estate the aforesaid sum of four thousand dollars ($4,000) and interest secured upon said lots seventeen, eighteen, nineteen and twenty, in block 2, Jones' addition to the city of St. Louis, then, and in such case, the proportion of the trust estate in the hands of said trustee at the time of the death of said Camille, without issue and before reaching the age of twenty-five years, which shall be conveyed, transferred and assigned to James M. Patrick shall be one-third thereof, and the proportion which shall be conveyed to said trustee to the said Thomas Ward McManus shall be two-thirds thereof. Should the said Camille W. Patrick, party of the third part, marry and die before arriving at the age of twenty-five years, leaving issue of such marriage, the said trustee shall, by proper deeds and instruments, convey, assign, transfer and set over unto said child or children of the said Camille W., by such marriage, all the estate and property in his hands at the time of the death of the said Camille W. Patrick belonging to the trust hereby created.

"The said Gist Blair, party of the second part, and his successor or successors in this trust, shall be required to give a good and sufficient bond of not less than thirty thousand dollars ($30,000) for the faithful administration of this trust, and of the trust created by the aforesaid agreement and bill of sale of even date herewith, between Camille S. McManus, as party of the first part, said Gist Blair, as party of the second part, and said Camille W. Patrick as party of the third part; and said trustee shall be required from time to time to

give such additional bonds as may be required by law. And said trustee shall annually, during the existence of this trust, before the tenth day of January in each year, render and submit in duplicate one part to said James M. Patrick, or if he be dead, to the guardian of the said Camile and to the said Camille after she shall arrive at the age of eighteen years; and one part unto the said Thomas Ward McManus or his legal representatives, full and true statements of the receipts and disbursements on account of his said trust, and the property then in the hands of the said trustee. At the time of making such statement, the said trustee is authorized and empowered to pay to himself out of the trust estate in his hands, as compensation for his services, one-twentieth part of the income and rents of said trust property, received by him during the year next preceding the date of such account and since his last preceding statement.''

It appears from the record and statements of council that Camille W. Patrick was the daughter of James M. and Fannie A. C. Patrick, the latter of whom was the sister of the grantor, Thomas Ward McManus, and died before the date of the deed. That the estate granted under the deed was devised by his sister Mrs. Patrick to the said McManus. That Camille W. Patrick died before she arrived at the age of seven years, leaving no brother or sister. James M. Patrick did not pay the sum of $4,000 mentioned in the deed as a condition upon which he should receive one-third of the estate.

The suit is prosecuted by Gist Blair, the trustee, for the purpose of having a construction placed upon the deed. Thomas W. McManus, the grantor, James M. Patrick, the father of said Camille, and Eliza J. Patrick, the assignee of the father's interest, were made defendants and interpleaded. The said McManus and

Eliza J. Patrick each interplead, claiming the estate.

The latter claims that Camille W. Patrick took a vested estate under the deed, and the event upon which it might have been divested never happening, the estate, on her death, descended, under the laws of the state, to her father, who was her only heir at law.

McManus claims that the intention of the grantor, as drawn from the whole deed and all its parts, was, that in case the said Camille died without issue before attaining the age of twenty-five years, the estate should pass, under the conditions contained in the deed, to himself and James M. Patrick in the proportions therein specified.

The deed conveyed the property to the trustee to hold in trust for the sole and separate use of the infant child Camille to be turned over to her, one-half when she arrived at the age of eighteen years, and one-half when she arrived at the age of twenty-five years, and was upon these conditions: *First*. Should said Camille marry and die leaving issue the trustee was directed to convey the property to the child or children of the marriage. *Second*. Should the said Camille marry and die before reaching the age of twenty-five years, leaving no issue, then the trustee should convey the estate, one-sixth thereof to James M. Patrick and five-sixths thereof to the grantor McManus. The said Camille died at seven years of age without having married.

A proviso to the second condition is as follows: "Provided however should the said James M. Patrick have repaid out of his own means to said trust estate the aforesaid sum of four thousand dollars ($4,000) and interest secured upon said lots seventeen, eighteen, nineteen and twenty, in block two, in Jones' addition to the city of St. Louis, then and in such case the proportion of the trust estate in the hands of said trustee at

the time of the death of the said Camille, without issue, before reaching the age of twenty-five years, which shall be conveyed, transferred and assigned to James M. Patrick shall be one-third thereof, and the proportion which shall be conveyed by the said trustee to the said Thomas Ward McManus shall be two-thirds thereof."

That the said Camille took a vested estate in the property is not open to serious doubt. Though she took an estate in remainder, as contended by appellant, it was vested and not contingent.    BLACK, J., in *Chew v. Kellar*, 100 Mo. 368, says:    "The vested or contingent character of a remainder is determined, not by the uncertainty of enjoying the possession, but by the uncertainty of the vesting of the estate.    Says KENT, a vested remainder is a fixed interest to take effect in possession after a particular estate is spent.    It is the present *capacity* of taking effect in possession, if the possession were to become vacant, and to the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder.    4 Kent, 203."

Under this distinction it is clear that the provisions of the deed requiring the trustee to convey the property to the said Camille, one-half when she attained the age of eighteen years, and the other half when she attained the age of twenty-five years, merely related to the time when she should have possession and control of the property, divested of all interest of the trustee and had nothing to do with the vesting of the estate. There was no contingency expressed in the deed which would deprive her of the possession of the estate should she attain the proper age.

The fact that the estate was conveyed to a trustee would not change the character of the estate taken by Camille.    On this subject KENT says:    "The better

opinion, also, is, that if there be a devise to trustees and their heirs during the minority of a beneficial devisee, and then to him, or upon trust to convey to him, it conveys a vested remainder in fee, and takes effect in possession when the devisee attains twenty-one." 4 Kent, 205.

Though the estate of the beneficial grantee was vested, whether in remainder or as a conditional or base fee, it was also determinable upon the happening of certain events therein named. Upon the occurrence of these events the estate, which vested in the beneficiary, became divested and an estate over was substituted. *Doe v. Considine*, 6 Wall, 476; 4 Kent, 129.

II. The intention of the grantor, which is the chief object to be attained in the construction of such settlements, we think very clearly indicated by the terms of the deed. The paramount purpose of the grantor was to secure to his niece Camille the enjoyment of the entire estate, should she live to attain the age of twenty-five years, and should she die under that age to secure the same to her lawful issue.

The second object, made equally prominent, was in case the said Camille did not live to the age of twenty-five years, and did not have issue that the said estate should be divided between the grantors and James Patrick in certain specified proportions.

Reading the entire instrument in the light of the circumstances under which it was made, there can be no doubt that the testator intended thereby to dispose of the entire estate and that no part thereof should pass by descent to the heirs of Camille, should she die before reaching the age of twenty-five years. The language leaves no doubt that in the event of her death before coming into the estate herself, her children should take, if she should leave children, all that remained, not as an inheritance from her, but as a limitation over under

the deed.    This fact is significant in showing the intent
to dispose of the whole estate under the deed, as with-
out the limitation to the children of Camille, the estate
being vested in her, they would have inherited the
same estate from their mother.    The second event
named upon the happening of which the estate was
limited,  also  made  disposition  of  the  whole  of  it.
Should the said Camille marry and die without issue
before reaching the age of twenty-five years, then five-
sixths should go to the grantor McManus, and one
sixth to Patrick.    The same purpose is here also mani-
fest, as, on the happening of the event named, Patrick,
her  father,  as  her  only  heir  at  law,  would  have
inherited from her such portion as was not limited to
the grantor.

Under  the  proviso,  the  entire  estate  was  also
limited in case Patrick should pay $4,000 which was
an incumbrance on the property.    On that condition he
should receive one-third, instead of one-sixth.    Now it
is perfectly manifest that the payment of the $4,000
was a privilege granted Patrick, upon the payment of
which his interest in the estate should be increased
from one-sixth, to one-third.    It could not have been
the intention of the grantor to abandon all claim on the
estate, and allow it to descend by inheritance to Patrick,
by reason of his default in the payment of the debt which
he evidently desired should be paid.    Yet that would
be the result counsel ask us to reach.    The argument
is, that as Camille did not marry, and as Patrick did
not pay the $4,000, no event transpired which divested
the estate from Camille, and therefore she died seized,
and her father inherited the whole estate from her.
This result would undoubtedly follow should we read
the deed in disregard of the manifest intention of the
grantor,  and abandon that fundamental rule of con-
struction which requires effect to be given to the inten-

tion as drawn from the entire instrument.

The second condition contains a proviso which repeats the condition. The proviso only has reference to the condition upon which Patrick could secure to himself one-third, instead of one-sixth, of the estate. The event which should divest the estate from Camille, and limit it over to McManus and Patrick, is repeated. Being a mere *proviso*, not in the least changing the condition, the purpose merely to repeat the condition, is evident. The first condition named was, that if Camille should *marry* and die leaving no issue, the estate should be limited over and the condition of the proviso was, if she should "die without issue," omitting the word marry. They were intended to be the same. We must adopt one or the other.

If we adopt the latter, and read it in place of the former, the deed will read "should the said Camille W. Patrick die leaving no issue before arriving at the age of twenty-five years" the trustee should convey the property, five-sixths to McManus, and one-sixth to Patrick, thus carrying out the intention of the grantor to dispose of the entire estate, the greater portion thereof coming back to himself. To give the deed a different construction would leave the entire estate to Patrick by inheritance, and defeat the manifest intention of the grantor.

We are of the opinion that the circuit court properly construed the deed, and its judgment is affirmed. All concur, except BARCLAY, J., who is absent.