BYRNE, *Appellant*, v. FRANCE *et al.*

Division Two, December 17, 1895.

131 639
167 226

131 639
93a ¹281

1. **Will:** CONSTRUCTION: VESTED REMAINDER. Where a testator gives to his wife all his real estate for life and provides that at her death it shall go to his children or to their descendants, the children on the testator's death acquire a vested remainder in the land.

2. ———: ———: ———. Such interest is transferable, and is subject to the debts of the owner.

*Appeal from Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*H. T. Gordon, John Doniphan* and *B. R. Vineyard* for appellant.

(1) In construing wills, the object should always be to ascertain the intention of the testator. To do

this the court should view the instrument from the sur-
roundings of the testator, existing at the time he made
it, and consider all of its provisions, giving effect to all
of them, and, as far as possible, reconciling them with
each other; and in case of absolute inconsistency, giv-
ing effect to a later provision which may be in conflict
with one previously expressed. *Nichols v. Boswell*, 103
Mo. 151; *Small v. Field*, 102 Mo, 122. As to repug-
nancy and inconsistency, see 2 Jar. on Wills [Randolph
& Talcott's Ed. 1880], p. 44, and cases cited in note. (2)
The fourth clause of the will gave to the wife the use and
enjoyment of the real estate and negroes during her life.
The fifth clause, in the event of the contingency therein
provided for, which in fact afterward happened, trans-
ferred the charge of that property to the two oldest
sons, who were to take care of the family until the
youngest child became of age, which was in 1872. The
provisions thus made, coupled with directions of the
testator to "then" appraise and sell the property and
divide the proceeds equally among the "children or
their descendants," clearly contradict the idea of an
immediate investment of title in the beneficiaries and
provide for a postponement thereof until 1872, the
division of the proceeds at that time to be made among
the children "or their descendants" then living. The
words "then living" are as plainly indicated from the
language used as if they were in fact inserted in the
will. *DeLassus v. Gatewood*, 71 Mo. 371; *Owen v.
Eaton*, 56 Mo. App. 563; *Thomson v. Ludington*, 104
Mass. 193; *Olney v. Hull*, 21 Pick. 311; *Holm v. Low*,
4 Metc. (Mass.) 201. (3) This rule of law seems well
settled on principle and authority. If a will provides
for the payment or distribution at a future age, in the
absence of a manifest intention to the contrary, time is
regarded as the essence of the gift, and it will not
become vested until that age is reached. 2 Jar. on

Wills [R. & T. Ed.], 457, and cases cited; *Leake v. Robinson*, 2 Mer. 363; *Leeming v. Sherratt*, 2 Hare, 14; *Butler v. Butler*, 3 Barb. Ch. 304; *Leeds v. Wakefield*, 10 Gray, 514; *Gifford v. Thorn*, 9 N. J. Eq. 702; *Clayton v. Somers*, 27 N. J. Eq. 230; *Collier v. Slaughter*, 20 Ala. 263; *Nixon v. Robbins*, 24 Ala. 663; *Allen v. Whitaker*, 34 Ga. 6; *Moore v. Smith*, 9 Watts, 403. (4) It does not become important in this controversy to determine whether a contingent remainder is the subject of sale prior to becoming vested or not. The earlier decisions of this court indicate not. *DeLassus v. Gatewood*, 71 Mo. 371; *Emmerson v. Hughes*, 110 Mo. 627. While two later ones held otherwise. *Godman v. Simmons*, 113 Mo. 122; *Sikemeier v. Galvin*, 124 Mo. 367.

*M. A. Reed* for respondents.

BURGESS, J.—This suit was begun in the circuit court of Buchanan county. An amended petition was subsequently filed in which the facts alleged are stated by counsel for plaintiff to be substantially as follows:

"This is a suit instituted for the purpose of annulling certain deeds described in plaintiff's petition, and having them removed as clouds upon her title, and of construing the will of her grandfather, through whom the title had come, and for the purpose of protecting plaintiff's rights in the real estate described in the petition, and that defendants and each of them in order to avoid a multiplicity of suits, be enjoined from executing deeds to any of the town lots, into which said real estate has been divided and staked by them. The petition charges that plaintiff's grandfather, John L. Byrne, died in 1860, the owner in fee and in possession of the land therein described, and including that

part thereof now in controversy. That he left a will which was duly admitted to probate, which reads as follows:

" 'I, John L. Byrne of Buchanan county, Missouri, do make and publish this my last will and testament, hereby revoking all former wills by me made.

" '*First.* I desire that all my just debts and funeral expenses be paid.

" '*Second.* I will and bequeath unto each of my children one dollar namely, Thomas Byrne, Mary Byrne, Catharine Byrne, Joseph Byrne, John Byrne, Eliza Byrne, and Susan Ann Byrne.

" '*Third.* I desire that my wife, Malinda Byrne, shall have at my death all of my personal property to dispose of as she may think proper.

" '*Fourth.* It is my desire and will that my wife, Malinda, shall have, hold, occupy, use and enjoy all of my real estate and negroes wherever the same may be situated, for and during her natural life, and at her death to go to my children above named or their descendants.

" '*Fifth.* It is my will and desire that if my wife, Malinda, should die before my youngest child becomes of age, that my two oldest sons shall take charge of my real estate and negroes, take care of the family until the youngest child is of age; then I desire that two competent judges of real estate be appointed to appraise all of my real estate and negroes, then I desire that the real estate and negroes shall be sold at public sale for not less than its appraised value, the proceeds to be divided equally between my children or their descendants.

" '*Sixth.* It is my will and desire that there shall be no administration had on my estate and that there shall be no guardian appointed for any of my children by the probate or any court having jurisdiction of pro-

bate business, but that my wife shall manage all of the affairs of my children up to the time of her death.

" 'Seventh. It is further my will and desire that if it should become necessary in any event for administration to be had on my estate I hereby appoint my wife, Malinda, executrix of this, my last will, and further desire that she should not be required to give security as such executrix, if it becomes necessary for her to act in this capacity, but I desire most emphatically that none of my affairs shall go into court.

" 'Given under my hand and seal this seventh day of April, 1860."

his<br>
" 'JOHN L. X BYRNE.'<br>
mark

"The petition then avers that Joseph Byrne, the father of plaintiff and one of the two oldest children of said testator, died in 1869, intestate, leaving a widow, Tillie C. Byrne, and the plaintiff as his only child and descendant, though plaintiff was born several months after the death of her father. Later in the petition plaintiff's mother is alleged to have taken a child's share in the real estate of her husband, and that plaintiff arrived at the age of twenty-one years on the eighth day of June, 1891. The petition also avers that Malinda Byrne, the widow of the testator, John L. Byrne, who was plaintiff's grandmother, died in 1864, and Susan Ann Byrne, the youngest child of said testator, arrived of age in the year 1872, three years after the death of plaintiff's father.

"The petition then sets forth in minute particularity certain partition proceedings instituted by Thomas Byrne and Joseph Byrne, plaintiff's father, in 1869, just before the death of the latter and just before the birth of plaintiff, looking to a division of all the real estate of which their father, John L. Byrne, died seized. The petition alleges that the suit was

never properly revived in the names of plaintiff and her mother after the death of Joseph Byrne, nor did the court ever acquire jurisdiction of the persons of either, but it nevertheless went on and rendered a decree in partition and appointed commissioners who divided the land among the children, all of whom, except the plaintiff and her mother, took charge of and accepted the parts assigned them respectively. That the commissioners set apart also to plaintiff and her mother fifteen and fifty-nine hundredth acres of this land, which is the portion thereof in controversy in this suit. The petition also avers that the report of the commissioners making said partition was confirmed.

"The petition also sets up certain proceedings in the probate court of Buchanan county which resulted in an administrator's deed from one Kirk, assuming to act as administrator of the estate of Joseph Byrne, deceased, and by which deed said Kirk as such administrator purports to convey to plaintiff's mother 'all the right, title, and interest which said Joseph Byrne had in the fifteen and fifty-nine hundredths acres above described at the time of his death.' Which said proceedings are alleged to have been illegal and without authority of law.

"The deeds following said partition and probate proceedings, and which are minutely described in the petition, are the ones attacked by the plaintiff in this suit. The petition concludes with a prayer for general relief."

Defendants demurred to the amended petition for the following grounds of objection: "*First*. That said petition contains no averments showing that plaintiff is entitled to any equitable relief as against these defendants or any of them. *Second*. That the petition does not state facts sufficient to constitute a cause of action against these defendants or any of them."

The demurrer was sustained, and, plaintiff declining to plead further, final judgment was rendered against her in favor of defendants for costs, from which she appealed.

The vital questions in this case, and those upon which plaintiff's case must stand or fall, are as to whether the land devised by the will of John L. Byrne, to Joseph Byrne, vested in the latter on the death of the former, and, if so, did the administrator's sale of Joseph's interest in said land and the deed executed by the administrator in pursuance thereof to Tillie C. Byrne, pass the title to her of the interest of Joseph, under whom defendants claim title to said land.

Plaintiff's contention is that the estate was a contingent one and did not become vested under the fifth clause of the will, until the youngest child became of age in 1872, which was three years after the death of plaintiff's father, Joseph, and, on the arrival at age of the youngest child of the testator, plaintiff as the only descendant of her father became entitled to one seventh of the land, or of the proceeds if sold.

The fourth and fifth clauses of the will are somewhat incongruous, but if they can be so construed as to arrive at the intention of the testator, even if such construction be at variance with a literal construction of either one or both, it is our duty to give them that construction.

In order to do this we must, and do, hold that by the fourth clause of the will the title in fee to the real estate, then owned by the testator, vested in the devisees therein named, immediately upon the death of the testator; subject, however, to the life estate of his wife, in the event of whose death, before the youngest child of the testator became of age, as provided by the fifth clause of the will, and the arrival of age of said child thereafter, the land was to be sold at public sale for not

less than its appraised value, the proceeds to be divided equally between the children of the testator or their descendants. The beneficial interests of the devisees in the land were thus further postponed by the fifth clause until the testator's youngest child became of age, his evident intention and purpose being that his land should not be sold or divided until that time, so that his wife and children should have the benefit of the land during her lifetime, and his children after her demise until his youngest child became of age. As an evidence that such was the intention of the testator it is provided by the fifth clause of the will that in the event of the death of his wife, Malinda, before the youngest child became of age, his two oldest sons should take charge of the real estate and take care of his family until the youngest child became of age, at which time the land was to be sold and the proceeds divided equally among his children and their descendants. By giving the two clauses this construction we violate no canon of the construction of wills, and conform to the real intent of the testator as gathered from the instrument itself.

"The law favors vested estates, and no remainder will be construed to be contingent which may, consistently with the intention, be deemed vested." *Jones v. Waters*, 17 Mo. 587.

"A vested remainder is where a *present* interest passes to *a certain and definite* person, but to be enjoyed *in futuro*. There must be a particular estate to support it. The remainder must pass out of the grantor at the creation of the particular estate. It must vest in the grantee during the continuance of the estate, or *eo instanti* that it determines. A contingent remainder is where the estate in remainder is limited either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event." *Doe v. Considine,*

6 Wall. 458.    See, also, *Jackson's Adm'r v. Sublett*, 10 B. Mon. 467.

So it is said, "The person entitled to a vested remainder has an immediate fixed *right of future enjoyment;* that is, an estate *in praesenti*, though it is only to take effect in possession and pernancy of the profits at a future period."    2 Cru. Dig. *204.

It has been held in case a testator devise to his "'wife for her life, if she shall so long continue his widow, and, in case she marry, to A in fee,' A takes a vested remainder which takes effect in possession on the widow's death or second marriage, although the words of the limitation, strictly construed, would seem to create a contingent remainder."    20 Am. and Eng. Encyclopedia of Law, 864; *Bank v. Hooff*, 4 Cranch (C. C.), 323; *Bates v. Webb*, 8 Mass. 458; *Gibson v. Land*, 27 Ala. 117.

Now, there seems to be no substantial difference in the language used in the case last cited, from that used in the fourth clause of the will under consideration. In the one case the testator gives to his "wife for her life if she shall so long continue his widow, and in case she marry to A in fee," while in the case at bar he gives to his wife all of his real estate to hold and enjoy for and during her natural life, and at her death to go to his children or their descendants.    There is no difference in principle.

It thus seems clear that plaintiff's father Joseph Byrne acquired by virtue of his father's will a vested remainder in the lands of the testator, an estate or interest transmissible by deed or mortgage, liable to sale under execution and subject to sale by his administrator in case of his death for the payment of his debts.

Under the allegations of the petition we are not prepared to say that the sale of the land in question

by Kirk, administrator of the estate of Joseph Byrne, deceased, and the deed made by him in pursuance of such sale to Tillie C. Byrne were absolutely void, and passed no title.

From these considerations the judgment must be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.