Waddell v. Waddell.

WADDELL, *Appellant*, v. WADDELL *et al.*

1. Deed: VESTED REMAINDER. A deed, which creates a life-estate in the grantee, and provides that, after his death, the title in fee simple shall "go and vest in the children and heirs at law of the grantee equally, to be divided among them as tenants in common," creates a vested remainder in the children of the life grantee in being at the time of its execution; and, as the words "children and heirs at law," as used therein, constitute a class, the estate in remainer will open and let in such of the same class as come into being during the continuance of the particular estate who likewise take a vested remainder.

2. ———: ———: "HEIRS AT LAW." The words "heirs at law" may be construed as being used interchangeably with "children," or as meaning "grandchildren" or "descendants," and this is especially true where, as under our statute, the issue of a person entitled takes the share of his ancestor. (Revised Statutes, 1879, sections 2161, 2165.)

3. Vested Remainder: DESCENDIBLE INTEREST. The remainders so created being vested ones, the interests of the children who died before the termination of the life-estate descended to their respective heirs.

4. **Partition**: PETITION : MULTIFARIOUSNESS.   As such children take the land as tenants in common, a petition which joins all those living and the heir of one deceased, as parties defendant in a suit for partition, is not multifarious, though some of the tenants have purchased the interests of the others, such purchase not conferring an exclusive right to any portion of the land.

5. ———: ———: ———.   Where, in such suit, the general right to the whole land is being litigated, the fact that the parties to the suit rely upon distinct and independent rights does not make the petition therein multifarious.

*Appeal from Lafayette Circuit Court.*—HON. J. P. STROTHER, Judge.

REVERSED AND REMANDED.

THIS was a suit by Hannah W. Waddell, widow of John J. Waddell, against James White Waddell, Hannah L. Groves and her husband, Frank S. Groves, and John F. Waddell, Robert L. Waddell, Alonzo W. Waddell, Arthur K. Waddell and Mattie E. Waddell, minor children of James William Waddell (son of John J. Waddell, deceased), for partition of certain lands held by defendant's ancestor, John J. Waddell, under a deed from John Waddell, senior, dated June 6, 1847, conveying to said ancestor a life-estate, and, on his death, "the title in fee simple to go and vest in the children and heirs at law of the said John J. Waddell equally, to be divided among them as tenants in common."

To the petition, the defendants, Hannah L. Groves with her husband, Frank S. Groves, and James White Waddell, interposed separate demurrers. The reasons stated in them were, in substance, as follows:

(1) That the petition does not state facts sufficient to constitute a cause of action, for the reason that the operation of the deed of John Waddell, senior, was to create remainders in persons who could not be ascertained until the death of John J. Waddell, which occurrence alone would resolve the uncertainty as to

who they should be ; and that any interest which Mary Ellen Moore, Edward A. Waddell and Frank C. Waddell may have had in the premises by virtue of said deed, whether vested or contingent, was necessarily defeated by their predecease in the lifetime of their father, John J. Waddell, and could not, therefore, be transmitted to the plaintiff by devise or inheritance.

(2)  That the petition is multifarious for the reason that, although claiming that the plaintiff is a tenant in common with each of the defendants, it shows that the defendants are not tenants in common with each other ; the said James White Waddell having no interest in one hundred and thirty acres of land, and Hannah Groves having no interest in the remaining northwest quarter of the northeast quarter of section twenty-two ( 22 ), and the northeast quarter of the northwest quarter of section twenty-three ( 23 ), township fifty ( 50 ), range twenty-seven ( 27 ), in which James White Waddell has an interest.

The guardian *ad litem* for the other defendants, who are minors, also filed a demurrer, for the reason that the petition does not state facts sufficient to constitute a cause of action.

The trial court sustained the demurrers, and the plaintiff refusing to further plead, and electing to stand upon her petition, the court rendered final judgment against her, and she appealed.

*W. T. Wood* and *J. D. Shewalter* for appellant.

(1)  The children of John J. Waddell had a vested remainder in the land in controversy.  " Whenever the preceding estate is limited so as to determine on an event which certainly must happen, and the remainder is so limited to a person *in esse* and ascertained, that the preceding estate may by any means determine before the expiration of the estate limited in remainder, such

remainder is vested. On the contrary, wherever the preceding estate is limited so as to determine only on an event which is uncertain and may never happen, or wherever the remainder is limited to a person not *in esse*, or not ascertained, or wherever it is limited so as to require the concurrence of some dubious, uncertain event, independent of the determination of the preceding estate and duration of the estate limited in the remainder to give it capacity of taking effect, then the remainder is contingent. Fearne on Remainders, 217; 4 Kent, 201, 205. (2) At the death of two of the children, their estate passed to their mother. " Where the devise is to the mother for life, and then to the children, the right to the remainder vests in the children as they are born, and if any of them die before the determining of the life-estate, their interests vest in their heirs. 14 B. Mon. 176. See *Jones v. Waters,* 17 Mo. 587; *Aubuchon v. Bender,* 44 Mo. 560. (2) The petition is not multifarious. A just and equal partition cannot be made unless the entire tract and all interests are before the court, and it makes no difference that other parties have acquired interests from some of the children.

*A. F. Alexander* and *Wallace & Chiles,* for the respondents.

(1) The words "children and heirs at law" in the deed of John Waddell, senior, are predicated in respect to persons who shall be living at the time of the death of John J. Waddell, and can therefore be applicable to none of his children except such as shall be living and in existence at that time. Such surviving children would be heirs and would constitute a class which is contained in the general term "heirs at law," as a part is contained in the whole, and as terms which are general and universal, when used in conjunction with

their component parts, embrace and contain such par-
titives, the phrase is equivalent to the general term,
"heirs at law." *Omne majus trahet ad se quod est
minus. Delassus v. Gatewood,* 71 Mo. 371; *Emison
v. Whittlesey,* 55 Mo. 254; *Thompson v. Luddington,*
104 Mass. 193; *Olney v. Hull,* 21 Pick. 311; 2 Jarman
on Wills [5 Am. Ed. 1880] 429; Bingham on Descents,
125, 222, 233; *Williamson v. Williamson,* 18 B. Mon.
329; 2 Wash. on Real Estate [4 Ed.] sec. 16; Tud.
Lead. Cas. 496; *Clark v. Mosely,* 1 Richardson's Eq. R.
396; Co. Litt. 436; 19 Vin. Abr. 379; Jenk. Cent. 208;
*Crecelius v. Horst,* 78 Mo. 566. (2) The petition is
clearly multifarious. Martha G. Waddell, at the com-
mencement of the suit, was not seized as a tenant in
common in eighty acres of the land. She possessed no
interest therein as is shown by the petition; and her
daughter, the defendant, Hannah L. Groves has never
been entitled to any interest therein. *Stalcup v. Garner,*
26 Mo. 74; *Doan v. Holly,* 25 Mo. 357; *Rogers v.
Miller,* 48 Mo. 378; *Lambert v. Blumenthal,* 26 Mo.
471.

SHERWOOD, J.—This proceeding is one for the
partition of certain lands, and necessarily involved in
the cause is the proper construction to be given to the
deed therein mentioned.

The clause of the deed thus brought in question is
as follows: "To have and to hold the said real estate,
with the appurtenances, to the said John J. Waddell,
and to his heirs forever, in trust, however, for the
following purposes, that is to say: The said John J.
Waddell, of the second part, is to have, possess and
enjoy the said several tracts or parcels of land herein-
before conveyed, and to be seized of the same, to and
for his own exclusive use, benefit and behoof, for and
during his natural life, doing nor suffering any unneces-
sary waste, the said lands and tenements, nor any
interest in the same to be liable for any debt or debts

of the said John J. Waddell, which he has contracted or may hereafter contract, and on the death of said John J. Waddell, the title, in fee simple, to go and vest in the children and heirs at law of the said John J. Waddell, equally, to be divided between them as tenants in common.''

So that the chief question this record presents is whether the remainder created by the deed was *vested* or *contingent*. The subjects of vested and contingent remainders, and the difference and distinction between them, meet with frequent and elaborate discussion and illustration in the text-books, as well as in the reported cases. It is unnecessary however, to go at length into the authorities in order to arrive at the proper result in this case, since our own reports furnish us with instances which suffice our present purpose, and serve well to illustrate the distinction between remainders vested and those contingent.

Thus in *Jones v. Waters*, 17 Mo. 589, where land was devised by the testator to his wife for and during her natural life, and after her death to descend to her '' *children* '' by him, equally share and share alike, it was held that these words created a vested remainder in the children, and that one of them, who predeceased his mother, had an interest subject to sale; and it was remarked that the devisees in remainder were ascertained by the will, and they were to have the enjoyment of the estate as soon as the estate for life ended; and that the devise of the remainder was not, to such as the children as may be alive at the death of the mother, but to all of the children of the marriage.

*Aubuchon v. Bender*, 44 Mo. 560, presents a case of the same deed creating *both* kinds of remainder. There, by the terms of the deed, the grantor was to stand seized of the property to his own use during his life; and, after his death, ''the use, benefit, usufruct and title to the same shall revert and vest'' in the five

children named in the deed, "and such other children in lawful wedlock by him begotten as shall be living at the time of his death, and their heirs." And upon this it was ruled that, as to the five children named in the deed, a vested remainder was created, and as to those that should be "living at the time of his death," the remainder was contingent.

In *Emison v. Whittlesey*, 55 Mo. 254, the conveyance was to the mother during her natural life, and upon her death the remainder in fee simple absolute to vest in the children then living, etc.; and it was ruled that, as at the time of the execution of the deed no one could tell that any of the children would survive their mother, the remainder was only a contingent one.

So, too, in *DeLassus v. Gatewood*, 71 Mo. 371, the clause of the will declared: "I give and bequeath unto my beloved wife, etc., all my property, etc., to have and to hold, etc., during her natural life or widowhood. And, at the marriage or death of my said wife, etc., all my estate, heretofore bequeathed, shall be equally divided between my children that are alive," etc.; and it was ruled that a contingent remainder was thereby created.

Contrasting the foregoing cases with that at bar, there seems no ground to question that a vested remainder was created in the children of John J. Waddell. The petition alleges and the demurrers admit that, at the time of the execution of the deed to John J. Waddell, there were three children then alive of the marriage, to-wit: Martha G. Waddell, James William Waddell and Mary Ellen Waddell; that two other children of the marriage were subsequently born, sons, who died in infancy and without issue; that Martha G., having married, died intestate, leaving, as her child and heir at law, Hannah Groves; that Mary Ellen intermarried with one Moore, died without issue, but testate, having devised her interest in the lands to her mother, the plaintiff, for

and during her natural life, with full power to dispose of the same as she might choose.

The words, "children and heirs at law," as used in the deed must be construed as constituting a class, and, when this is the case, the estate in remainder will vest in those who were living at the time of the execution and delivery of the deed, and will open and let in such of the same class as come *in esse* during the continuance of the particular estate; in which case, all the authorities agree that the remainder is a vested one, equally as operative for the benefit of those *in esse*, as for those in being. 2 Wash. Real Property [5 Ed.] pp. 599, 600, 637; 4 Kent [13 Ed.] 203, note, 205, 206; *Moore v. Weaver*, 16 Gray, 305; *Gernet v. Lynn*, 7 Casey, 94; *Graham v. Houghtaling*, 30 N. J. L. 552; *Wolford v. Morgenthal*, 91 Pa. St. 30; *Wager v. Wager*, 1 S. & R. 374.

And the words, "heir at law," may well be construed as being used interchangeably with *children*, or as meaning *grand children* or *descendants*. And this is especially true where, as under our statute, the issue of a person entitled takes the share of his ancestor. R. S. 1879, sec. 2161, 2165.

There is no lack of authority in support of the position that, if the words used in the context warrant it, and such construction will carry into effect the manifest intention that moved the execution of the deed or the signing of the will, then such intention will be made effectual, and the word *heirs* will be construed as meaning *children*, and *vice versa*, and *children* as *issue*, *grand children* or *descendants*, if the justice or reason of the case requires it. 4 Kent [13 Ed.] 419; 3 Wash. Real Property [5 Ed.] 282; *Haverstick's Appeal*, 103 Pa. St. 394; *Warn v. Brown*, 102 Pa. St. 347. And the fact that a *deed* is the instrument requiring such liberality of construction, provided such construction is just and reasonable and accords with the evident intent of the grantor, and it is consistent with the principles of law, should not be allowed to

defeat such liberal and beneficial construction any more
than if the instrument under examination were a *will.*
*Huss v. Stephens,* 51 Pa. St. 282 and cases cited; *Wyth
v. Blackman,* 1 Vesey, Sen. 196; *Royle v. Hamilton,* 4
Vesey, 437.

Having reached the foregoing conclusion, it is quite
unimportant to discuss a point so strongly pressed by
counsel for defendants as to the effect of the abolition
of the rule in Shelley's case, since the effect of our
statute which accomplishes that result (R. S. 1879, sec.
3943) is not considered as having any appreciable bear-
ing on the case at bar.

The premises considered, we consequently hold that
all of the children of John J. Waddell, whether living
at the time of the execution of the deed or born subse-
quently thereto, were equal sharers in the land conveyed
by the deed of their grandfather, and took thereby a
vested estate in remainder, and that the plaintiff as
the mother of Frank C. and Edward A., who died intes-
tate and childless in infancy, acquired an interest in the
land in dispute, equal to that of the other brothers and
sisters of the said defendants. The plaintiff also acquired
a life-estate in the land in consequence of the devise
made to her by her daughter, Mary Ellen Moore. But
the plaintiff did not acquire, by reason of such devise, a
greater interest than a life-estate (2 Redf. Wills, 346),
because she had conferred upon her by the will of her
daughter the power to dispose absolutely of the interest
Mrs. Moore formerly held in the land; since the power
conferred was not exercised, and, if exercised, would of
course have defeated any claim now made by plaintiff.

Now as to the petition being obnoxious to the
charge that it is multifarious. This objection is not
well taken for two reasons: *First.* Under the ruling
already made, Martha G. Waddell took an equal inter-
est in the land as the other children, and this interest
descended to her daughter, Hannah L. Groves, and

under the original deed the whole tract was conveyed by the deed in one body, and none of those entitled thereto have any exclusive interest in the same; they take as tenants in common, and not otherwise; and the fact that some of those tenants may have purchased interests of the others does not affect this point, nor confer upon the purchasers any exclusive right to any portion of the land. *Second.* Besides, here a general right to the whole land is being litigated, and, where this is the basis of the litigation, it matters not that the parties litigant should rely upon distinct and independent rights. *Donovan v. Dunning*, 69 Mo. 436; *Bobb v. Bobb*, 76 Mo. 419; *Rinehart v. Long*, 95 Mo. 399.

The judgment will therefore be reversed, and the cause remanded with directions to proceed in conformity with this opinion. All concur, but RAY, C. J., absent.