JEFFERSON W. TINDALL et al., Appellants v. N. C. TINDALL et al.

**Division One, February 19, 1902.**

1. **Deed:** LIFE ESTATE: BODILY HEIRS: SOLE USE: CONTINGENT REMAIN-DER. By deed the grantor conveyed land to his daughter "for and during her natural life and then to the issue of her body forever, but not to be in any manner subject to the disposition of her husband, and in case she shall depart this life without leaving issue living at her death, then said land to descend to her heirs at law and not to her said husband or his heirs;" and the habendum was: "Unto her the said Lusina and to her sole use and benefit for and during her natural life, and to the issue of her body forever after." *Held*, to create in the daughter a separate estate in fee simple in the event that she had no issue; and of an estate for life only, if she have issue, remainder in fee to such issue. And the said Lusina having no children at the time the deed was made, the remainder to her issue was then contingent. But children having been born, the contingency happened and the contingent remainder became a vested remainder. The children of Lusina constituted a class, and the fee vested on the birth of the first, and as other children were born the class opened and admitted them to equal right with the first. Hence, one of said children having conveyed his interest in said land and died during the life of the life tenant, the grantee at her death took to the exclusion of the surviving children of the said granting remainderman.

2. ——: ——: ——: USE OF "THEN." The use of the word "then" in the granting clause manifests no such contingency as postponed the vesting of the title to the death of the life tenant.

3. ——: ——: ——: "ISSUE LIVING" AT LIFE TENANT'S DEATH: INTENTION. The only words used in this will which raise any doubt that the grantor did not intend to postpone the vesting of the fee until the death of his daughter, is the clause providing for the descent of the fee to her heirs at law in case she died without issue living at her death. But the rule, for the construction of deeds and wills alike, requiring that the intention of the maker as manifested in the instrument itself is to be effectuated unless in contravention of some positive rule of law, and the further rule of law being that any doubt raised by the phraseology should be resolved in favor of a

Tindall v. Tindall.

vested estate, it is *held*, that, reading the whole will together, the grantor did not intend by this clause to make the death of the life tenant the contingency on which the remainder was to vest, but thereby attempted to provide for the contingency of the remainder never vesting.

Appeal from Howard Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

AFFIRMED.

*R. C. Clark* and *W. M. Williams* for appellants.

(1) Where a deed *inter vivos* conveys real estate to one for life, and then to the issue of his body as a class, only those who answer the description at the death of the life tenant take as remaindermen. Ridley v. McPherson, 43 S. W. 772: Soper v. Brown, 32 N. E. 769; Bradford v. Griffin, 19 S. E. 76. (2) (a) The deed from Jere Kingsbury would have created an estate tail at common law. Farrer v. Christy, 24 Mo. 453; Harbison v. Swan, 58 Mo. 147; McIlhinney v. McIlhinney, 37 N. E. 147. (b) Under the statute of 1835, which was in force at the time this deed was made, it vested a life estate in Lusina Tindall, and the remainder was contingent during her life, and at her death vested in the heirs of her body surviving at that time. This was expressly so ruled in a case involving the construction of a deed dated April 17, 1845, and which, like the deed involved here, was controlled by the statute of 1835. Rozier v. Graham, 146 Mo. 352. (c) Henry C. Tindall died in the lifetime of his mother. The deed of trust executed by him, and the trustee's sale thereunder, did not convey any title to defendant, N. C. Tindall. Rozier v. Graham, supra; Godman v. Simmons, 113 Mo. 122; Emmerson v. Hughes, 110 Mo. 627; Read v. Lane, 122 Mo. 311. "But it is equally well-settled law in this State that though a fee may vest as a contingent remainder, it may be divested upon contingencies, until the death of the life

tenant, at which it vests finally." Rozier v. Graham supra. (3) If, under the statute of 1835, Lusina Tindall under this deed had a life estate, with a vested remainder in H. C. Tindall the oldest son (Frame v. Humphreys, *infra*), plaintiffs still have an interest in said land. H. C. Tindall only attempted to convey by his deed of trust "an .undivided one-third" of the land. The deed of trust only purports to transfer an undivided one-third. He remained, therefore, the owner of two-thirds, subject to his mother's life estate. This descended, upon his death, to his children, and each of the plaintiffs, as his heirs, would be entitled to one-sixth of said two-thirds. Frame v. Humphreys, 64 S. W. 116.

*Thomas Shackelford, C. B. Crawley* and *A. W. Walker* for respondents.

(1) In order to create an estate tail at common law by deed, the words "heirs" must be used. No other word will suffice. 2 Black. Com., 115; Tiedeman on Real Prop. (El. Ed.), sec. 47; Coke on Litt., 2b; Alpass v. Watkins, 8 T. R. 516; McLeod v. Dell, 9 Fla. 441; Ford v. Johnson, 41 Ohio St. 367; Doty v. Teller, 54 N. J. L. 163; Kirk v. Ferguson, 17 R. I. 432. Hence, the deed from Jere Kingsbury to Lusina Tindall "for and during her natural life and then to the issue of her body forever," for lack of the word "heirs" did not create an estate tail at common law and the statute of 1835, cited by appellants, has no application. R. S. 1835, sec. 5, p. 119. (2) Although the rule in Shelley's case was in force in this State as to deeds when the deed in question was executed, that rule operated only on limitations using the words "heirs" or "heirs of the body." Hence, it can have no application to the remainder "to the issue of her body forever." The rule never applies to the word "issue." Greenl. Cruise, ch. 23, title 32, Deeds, sec. 28, p. 389; Tiedeman on Real Prop. (El. Ed.), sec. 434; McIlhinny v. McIlhinny, 137 Ind. 411; Daniel v. Whartenby, 17 Wall. 639; Muldrow v. White,

67 Mo. 471; Tesson v. Newman, 62 Mo. 200.    (3)    (a) The word "issue," when used in a deed, is universally held to be a word of purchase and not of limitation.    Greenl. Cruise, ch. 23, title 32, Deeds, sec. 28, p. 389; 2 Washb. Real Prop. (5 Ed.), top pp. 654-655; Elphinstone's Int. of Deeds, 318, 319; Doe v. Collis, 4 T. R. 299; Bagshaw v. Spencer, 2 Atk. 586; Bagley v. Morris, 4 Ves. Jr. 794; Price v. Sisson, 13 N. J. Ch. 177; Ford v. Johnson, 41 Ohio 366; Taylor v. Taylor, 63 Pa. St. 481; McIlhinny v. McIlhinny, 137 Ind. 411. (b)    And the grant to Lusina Tindall "for and during her natural life and then to the issue of her body forever," created a valid remainder in fee in the issue of Lusina Tindall and said remainder did not hang in abeyance until her death, but vested in her first child immediately upon its birth and thereafter opened to let in her afterborn children.    2 Washb. on Real Prop. (5 Ed.), 629; Greenleaf's Cruise, title 32, Deeds, chap. 23, sec. 28, p. 389; McIlhinny v. McIlhinny, 137 Ind. 411; Daniel v. Whartenby, 17 Wall. 639; Jones v. Waters, 17 Mo. 587; Waddell v. Waddell, 99 Mo. 338; Gates v. Seibert, 157 Mo. 271; Bank v. Lees, 176 Pa. St. 402. (c) "The law favors vested estates and no remainder will be construed to be contingent which may, consistently with intention, be deemed vested."    Jones v. Waters, 17 Mo. 590; Chew v. Keller, 100 Mo. 362; Byrne v. France, 131 Mo. 646; Fanning v. Doan, 128 Mo. 328.    (4)    (a) The entire estate being thus disposed of by the granting clause of the deed, the grantor's attempt to further control the devolution of the estate by the clause appearing after the description of the land, "in case the said Lusina shall depart this life without leaving issue living at her death then said tracts or parcels of land to descend to her heirs at law and not to the said Cordy Tindall or his heirs," is void upon the familiar principle that a remainder can not be limited upon a previous grant in fee.    Vaughan v. Gray, 17 Mo. 429; Waddell v. Waddell, 99 Mo. 338; Chew v. Keller, 100 Mo. 362;

Cornwall v. Orton, 126 Mo. 365. (b) Neither can the last-mentioned limitation in said deed in anywise affect the meanings or construction to be given the previous grant, because the last limitation is based upon a definite failure of issue. Glover v. Condell, 163 Ill. 536; Bank v. DePauw, 75 Fed. 777; Parkhurst v. Harrower, 142 Pa. St. 432; De Wolf v. Middleton, 18 R. I. 810. (5) As the deed does not create an estate tail at common law, there can be no application of the doctrine of primogeniture. Appellants' abstract does not show who was the oldest son of Lusina Tindall. (6) The agreed facts admit that the defendants, N. C. and M. F. Tindall, are each entitled to one-third of the land under the deed of Jere Kingsbury and that if the remainder "to the issue of her body forever" became vested upon the birth of a child or children to Lusina Tindall, then the remaining one-third of the land belongs to N. C. Tindall under the deed of trust given him by Henry C. Tindall and the deed of foreclosure thereof.

BRACE, P. J.—This is an appeal from a judgment of the Howard Circuit Court in partition upon an agreed case. All parties claim under a deed executed by Jere Kingsbury on August 19, 1844, which is as follows:

"This indenture made and entered into on this nineteenth day of August, in the year of our Lord one thousand eight hundred and forty-four, between Jere Kingsbury of the county of Howard and State of Missouri, of the one part, and his daughter, Lusina Tindall, wife of Cordy Tindall, of the same place, of the other part, Witnesseth: that the said Jere Kingsbury for and in consideration of the natural love and affection which he bears for his said daughter, Lusina Tindall, and for the further consideration of one dollar to him in hand paid by her, the said Lusina, at and before the sealing of these presents, the receipt whereof is hereby acknowledged, has this day given, granted, bargained and sold and does by these presents give, grant, bargain and sell unto her, the said

Lusina, for and during her natural life and then to the issue of her body forever, the following described tracts or parcels of land, but not to be in any manner subject to the disposition of her said husband, to-wit: The southwest quarter and the east half of the northwest quarter of section twenty-nine, township fifty in range sixteen in Howard county in the State of Missouri, valued at $2,000; and in case she, the said Lusina Tindall, shall depart this life without leaving issue living at her death, then the said tracts or parcels of land to descend to her heirs at law, and not to the said Cordy Tindall or his heirs. To have and to hold the above described tracts or parcels of land together with all their appurtenances thereunto belonging or in any wise appertaining unto her, the said Lusina, and to her sole use and benefit, for and during her natural life, and to the issue of her body forever after. And the said Jere Kingsbury doth further for himself, his heirs, executors or administrators, further covenant to and with the said Lusina and the issue of her body forever to warrant and defend the title to the above described tracts or parcels of land free from the claim or claims of all and every person or persons claiming by, through, from or under them, the said Jere Kingsbury, or any other person or persons, bodies corporate or political whatsoever."

At the time of the execution of the deed the said Lusina Tindall had no children.· Subsequently she had five, viz., Henry C. Tindall, Sr., M. K. Tindall, M. F. Tindall, N. C. Tindall and Lucy Tindall. In August, 1855, Lucy Tindall died, and in May, 1883, M. K. Tindall died, both without issue. In 1894, Henry C. Tindall, Sr., died leaving six children, viz., Mary L., Jefferson W., Josephine, Jackson C., Leona, and Henry C. Tindall, Jr., and in August, 1898, the said ·Lusina Tindall died.

On the fourth of March, 1893, the said Henry C. Tindall, Sr., conveyed "an undivided third interest" in said real estate in trust for the benefit of the said N. C. Tindall, which deed

of trust was duly foreclosed on the seventh of November, 1898, and N. C. Tindall became the purchaser thereof, and received a deed therefor, by which he acquired the interest thus conveyed by the said Henry C. Tindall, Sr., and afterwards on the first of December, 1898, by quitclaim deed he acquired all the interest of the said Josephine and Jackson C. Tindall in said real estate.

The said Jefferson W., Mary Lula, Leona, and Henry C. Tindall, Jr., four of the children of the said Henry C. Tindall, Sr., deceased, are the plaintiffs in this case, and the said N. C. Tindall, M. F. Tindall and the other two children of the said Henry C. Tindall, Sr., deceased, viz., Joseph and Jackson C. Tindall, are the defendants.

The court found that the plaintiffs, and the said defendants Josephine and Jackson C. Tindall, have no interest in said real estate, and that N. C. Tindall is entitled to two-thirds, and M. F. Tindall to one-third thereof, and decreed partition accordingly, from which decree plaintiffs appeal. The construction of the deed of Jere Kingsbury presents the only question for determination on this appeal. The modern doctrine is that in deeds, as well as in wills, the intention of the maker as manifested in the instrument itself is to be effectuated unless in contravention of some positive rule of law. [Waddell v. Waddell, 99 Mo. 338; Long v. Timms, 107 Mo. 512; Carr v. Lackland, 112 Mo. 442.] The general purpose manifested on the face of the deed is to give the land to his daughter and her children, should she have any, and to exclude her husband and his heirs from ever having any interest therein. To accomplish this purpose the grant is "to the said Lusina for and during her natural life and then to the issue of her body forever," "but not to be in any manner subject to the disposition of her said husband," "and in case she the said Lusina Tindall shall depart this life without leaving issue living at her death, then said tracts or parcels of land to descend to her heirs at law and not to the said Cordy Tindall or his

heirs." *Habendum:* "Unto her the said Lusina and to her sole use and benefit for and during her natural life, and to the issue of her body forever after." Practically, this is a conveyance to Lusina of a separate estate in fee simple, in the event she has no issue; and of an estate for life only, if she have issue; remainder in fee to such issue. The said Lusina having no children at the time the deed was made, the remainder to her issue was then contingent. In due course thereafter children were born to her. The contingency contemplated in the deed happened and the remainder theretofore contingent became a vested remainder. "Whatever may be the distinction between vested and contingent remainders; so long as they remain such, the moment the contingency happens on which a remainder depends, it becomes a vested one with the qualities and incidents of such a remainder. Thus upon the grant of an estate to A with remainder to his children he having none at the time, the remainder will of course be a contingent one, but the moment he has a child born, the remainder becomes vested as fully as if it had originally been limited to a living child." [2 Wash. on Real Prop. (5 Ed.), p. 603, sec. 26.]

The law favors vested estates, and the rule is that estates shall be held to vest at the earliest possible period unless a contrary intention is clearly manifested in the grant. [Doe v. Considine, 6 Wall. 458; Amos v. Amos, 117 Ind. 19.]

"An estate is vested when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment. . . . The law favors vested estates, and no remainder will be construed to be contingent which may consistently with the intention be deemed vested. A grant to A for life, remainder to B and the heirs of his body, is a vested remainder, and yet it is uncertain whether B may not die without heirs of his body, before the death of A, and so the remainder never take effect in possession. Every remainderman may die, and with-

out issue, before the death of the tenant for life. It is the present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested, from a contingent remainder." [4 Kent. (14 Ed.), *203. See, also, Jones v. Waters, 17 Mo. 587; Chew v. Keller, 100 Mo. 362; Byrne v. France, 131 Mo. 639.]

Applying these principles to the deed in question, the remainder in fee thereby created vested when a child was born to the said Lusina; such child was "issue of her body" to whom the grantor directed the land to go "forever," i. e., in fee simple. Such child had a present capacity to take whenever the life estate might thereafter be determined, and did take as soon as born unless a contrary intention clearly appears on the face of the deed. The use of the word "then" in the granting clause manifests no such intention, such words in such connection make no contingency. They relate to the time of the enjoyment of the estate and not to the time of the vesting of the interest. [Chew v. Keller, 100 Mo. 362; Doe v. Considine, 6 Wall. 475, and cases in note.] This construction is further reinforced in this deed by the *habendum* clause which was to the said Lusina "for and during her natural life and to the issue of her body forever after." The only doubt as to this construction is raised by the clause providing for the descent of the fee to her heirs at law in case Lusina died without issue living at her death. Taking the whole deed together we do not think that the grantor by this clause intended to make the death of Lusina the contingency upon which the remainder should vest, but thereby attempted to provide for the contingency of the remainder never vesting. The mind of the grantor in this clause was not occupied with the extent of the estate just granted, but with a contingency which he thought might arise from his grant not taking effect as he had made it. This clause was evidently begotten by the grantor's

anxiety to exclude the husband and his heirs from ever having any interest in the premises, and was not intended as a limitation on the remainder granted to the issue of the daughter. Any doubt raised by its phraseology ought to be resolved in favor of a vested estate. [Chew v. Keller, 100 Mo. 362; Collier's Will, 40 Mo. 287.] Hence, we conclude that the remainder in fee simple created by the deed vested in the first child born to Lusina after the deed was made, as constituting the class therein named, which class opened up and admitted each' of her other children born thereafter. [Gates v. Seibert, 157 Mo. 254; Waddell v. Waddell, 99 Mo. 338.] And it follows that the said Henry C. Tindall, Sr., at the time of the execution of the deed of trust aforesaid, had a vested remainder in fee simple in said real estate, which passed by said deed, and became vested in the said N. C. Tindall, and the said N. C. Tindall and not the children of the said Henry C. Tindall, Sr., is entitled to the share of the said Henry C. Tindall, Sr., in the said real estate. The plaintiffs, four children of said Henry C. Tindall, Sr., each claimed an undivided one-sixth of his said share in said real estate and in addition to the facts, it was further agreed as follows:  "It is agreed to submit to the court this case on the above agreed statement of facts for the court to determine whether the said N. C. Tindall is entitled to the shares claimed by plaintiffs, or whether plaintiffs are entitled to the same, and the decision of the court shall settle the final rights of the parties, and judgment be rendered accordingly, if the court shall find that N. C. Tindall is entitled to the shares claimed by plaintiffs; but if the court finds that plaintiffs are the owners of the same, then a decree of partition may be had on the basis of M. F. Tindall one-third, N. C. Tindall one-third and two-sixths of one-third, and to each of the plaintiffs one-sixth of one-third." The court having correctly found, as we have seen, that N. C. Tindall, and not the plaintiffs, is entitled to the interest in the real estate

claimed by them and decreed partition accordingly, its judgment should be affirmed, and it is accordingly so ordered. All concur.