NETTIE K. MATTINGLY, Appellant, v. JAMES WASHBURN, JESSIE H. THOMPSON, EARL N. HALDEMAN, SR., JANICE H. TIEMAN and HORACE W. McKIM.—No. 39859.—196 S. W. (2d) 624.

Division Two, October 14, 1946.

*H. S. Rouse* and *N. W. Simpson* for appellant.

*Waldo Edwards* and *D. L. Dempsey* for respondents.

BOHLING, C.—This action involves the title to 160 acres of land (S. E. ¼, Sec. 30, Twp. 61, R. 9 West) in Lewis county, Missouri. The common source of title is James W. Washburn. He and his wife, Mary K. Washburn, had four children, one being plaintiff here, i. e., Nettie K. The other three children are dead and their descendants are defendants, viz., James Washburn, the only child of George Washburn, deceased; Jessie H. Thompson and Earl Haldeman, Sr., children, and Janice H. Tieman, granddaughter of Annie Haldeman (nee Washburn), deceased; and Horace W. McKim, son of Tilla McKim (nee Washburn), deceased. The issue for determination is the estate created by two deeds containing identical provisions as to said issue.

Nettie K. Mattingly was born December 25, 1874, and Phillip A. Mattingly was born January 18, 1871. They have lived together since their marriage February 8, 1894. A son John Mattingly was born in 1904. While John Mattingly was a minor and during the lifetime of their four children, James W. Washburn and his wife delivered the deeds involved; one conveying the south half (dated November 24, 1906, and recorded "in book 111 at page 38") and the other the north half (dated July 16, 1914, and recorded "in book 122 at page 490") of said land. Each deed named as grantees "Nettie K. Mattingly and her bodily heirs . . . parties of the second part." The consideration was stated to be "love and affection and the sum of four thousand dollars to them paid by said parties of the second part." The grant was to "said Nettie K. Mattingly and her bodily heirs . . .

"The land herein conveyed is to be expressly understood to be [for] the sole use and benefit of the said Nettie K. Mattingly and the heirs of her body.

"To be and to remain absolutely free from any claim of her husband Phillip A. Mattingly.

"It is further expressly understood that in said land being granted to the sole and ▮▮▮ separate use and benefit of the said Nettie K. Mattingly and her bodily heirs that the same shall during the lifetime of the grantor James W. Washburn, and during the lifetime of the

said Nettie K. Mattingly, and until all her bodily heirs shall arrive at their legal majority, be and remain nonalienable either by deed, bond or mortgage, as aforesaid."

Both the habendum and the warranty were "unto the said Nettie K. Mattingly and her bodily heirs."

Plaintiff offered in evidence two warranty deeds: one dated June 22, 1916, from said James W. Washburn and wife to his other three children—George S. Washburn, Annie W. Haldeman and Rilla W. McKim; the other from said grantees to a third party. These deeds were excluded from consideration by the trial court in arriving at its judgment and plaintiff assigns no point here with respect to said ruling.

James W. Washburn died January 8, 1920, and Mary K. Washburn, his widow, died November 24, 1924. John Mattingly died at the approximate age of 40, June 19, 1944, "intestate, single and un-married." In 1945 Phillip A. Mattingly conveyed all his right, title and interest in the land to Nettie K., his wife. Nettie K. Mattingly and her husband were in their seventies at the time of trial and she had no child or descendant living.

The court adjudged "that the claim of the plaintiff in and to a fee simple title to said lands is denied; that plaintiff owns an estate in said lands only for and during her natural life . . ."

Plaintiff cites authorities to a number of issues not determina-tive of the case. We think they need not be developed. More to the point is plaintiff's assertion that a deed to a mother "and the heirs of her body" vests, as of the effective date of the instrument, the fee "in the children," if any then living, and opens up to let in after-born children, all subject to the mother's life estate; that is, so far as material, that the remainder in fee vested in John Mattingly and upon his death in 1944 passed to his parents under our statutes of descent and distribution and that plaintiff is now vested with the fee through inheritance from her son and the deed from her husband. Plaintiff's cases may be distinguished. Missouri has had several statutes affecting estates tail of the common law. 1 Mo. Terr. Laws, p. 436, Sec. 2; R. S. 1825, p. 216, Sec. 4; R. S. 1845, p. 219, Sec. 5; Gen. Stat. 1865, p. 442, Sec. 4. The cases are influenced by the effective statutory provisions. The instant deeds are governed by now Sec. 3498, R. S. 1939 (the statute of 1865), and consult Sec. 3500, R. S. 1939. The grant in Tindall v. Tindall, 167 Mo. 218, 66 S. W. 1092, was executed in 1844 and was to grantor's daughter for life and "the issue of her body." It differs from the instant grant. Her child would qualify as an "issue of her body" but if the child predecease the mother it could never qualify as an "heir of her body." Consult the comment on observations in the Tindall opinion in Heady v. Crouse (Banc), 203 Mo. 100, 119(II), 100 S. W. 1052, 1057, 120 Am. St. Rep. 643, and Gillilan v. Gillilan, 278 Mo. 99, 116, 212 S. W. 348,

351[9]. Warne v. Sorge, 258 Mo. 162, 167 S. W. 967, ruled that the children of deceased children of the grantee in tail took under the grant there involved; an issue not within the instant review. Garth v. Arnold, 115 Fed. 468, involved a deed executed in 1855, before the instant statute was enacted. Gray v. Ward, 234 Mo. 291, 136 S. W. 405, contains some loose language. The grant was to "Sallie Gray and her heirs by James P. Gray." At the time of the suit Sallie and six children of Sallie by James P. were living, one child had died in infancy and James P. was dead. Reference to the files discloses that the deed was dated December 2, 1870, and that James P. died November 15, 1887. The court applied Sec. 2872, R. S. 1909, now Sec. 3498, R. S. 1939, and speaks of the plaintiff, one of said six children, having an undivided one-sixth interest in remainder subject to the life estate of Sallie as though the remainder were vested. If the remainder had vested in the "children" as distinguished from a contingent remainder in the "heirs" of Sallie by James P., then plaintiff's interest would have been influenced by the portion passing to the mother (and possibly to the father) surviving the child who died in infancy (Sec. 306, R. S. 1939, formerly Gen. Stat. 1865, p. 518, Sec. 1). The court did not treat the remainder as vested.

A reading of plaintiff's cases, cited infra, in support of the contention that the word "heirs" may be construed to mean "children" when the context requires such construction discloses they involved materially different factual situations. Fanning v. Doan, 128 Mo. 323, 30 S. W. 1032; Nations v. Spence (Mo.), 235 S. W. 1064; Heady v. Hollman, 251 Mo. 632, 158 S. W. 19. They are not controlling.

Numerous cases hold that under the laws of this State (R. S. 1939, Secs. 3498, 3500) conveyances to one and his or her bodily heirs (creating an estate tail under the common law as in the instant deeds) carves out of a grantor's fee simple estate certain lesser estates, viz.: first a life estate in the first taker; next a contingent remainder in those qualifying as "bodily heirs" on the death of the first taker, while the fee, that is, the reversion, remains in the grantor, his assigns, heirs or devisees pending the determination under the original grant of its vesting or falling in for want of takers as "bodily heirs" of said grantee for life. We need not repeat here what has been said in the adjudicated cases. See, among others, Davidson v. Davidson, 350 Mo. 639, 167 S. W. 2d 641; Norman v. Horton, 344 Mo. 290, 126 S. W. 2d 187, 125 A. L. R. 531; Byrd v. Allen, 351 Mo. 99, 171 S. W. 2d 691; Bullock v. Peoples Bank of Holcomb, 351 Mo. 587, 173 S. W. 2d 753; Davis v. Austin, 348 Mo. 1094, 156 S. W. 2d 903; Collins v. Whitman, 283 Mo. 383, 222 S. W. 840; Lankford v. Lankford, 348 Mo. 1170, 159 S. W. 2d 264; Hyde v. Hopkins, 317 Mo. 587, 296 S. W. 382. So, under the authorities Nettie K. Mattingly took a life estate under the deeds in question and her son John a contingent remainder, the contingency of his estate becoming vested being his

qualifying upon the death of Nettie K. as her "bodily heir," a contingency which fell in when he predeceased his said mother; and under the authorities neither she nor her husband inherited any right, title or interest in the land from said son.

Plaintiff makes the point in her brief, if she does not hold the fee to the whole, that the reversion, the fee, descended to grantor's heirs at law upon grantor's death intestate, and, consequently, plaintiff inherited an undivided one-fourth interest in fee subject to being divested in the event she die leaving "bodily heirs." Defendants contend that the court "can not go outside the issues made and find that plaintiff, as well as defendants, had a contingent interest in the reversion in the event of the death of Nettie K. Mattingly without heirs of her body." Defendants' contention assumes they have an interest.

Our quiet title statute (R. S. 1939, Sec. 1684) provides that: "Any person claiming any title, estate or interest in real property . . . may institute an action against any . . . persons . . . to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property. And upon the trial of such cause, *if same be asked for in the pleadings of either party,* the court may hear and finally determine any and all rights, claims, interest, liens and demands, whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them . . ." Italics ours.

Plaintiff's petition specifically pleaded the two deeds from her father to herself and by reason of said deeds, the death of her son John and the subsequent deed from her husband, she asserted the full and complete fee simple title to said lands in herself and on "the premises heretofore mentioned and considered" prayed an adjudication "that she alone owns and possesses" the fee; "and that neither the defendants, nor any of them, have any" title, "vested or contingent, present or remote, of any character" in said real estate.

Defendants' answer, although pleading specific facts, tendered no additional facts or issues. They pleaded no title in themselves. They denied plaintiff's asserted ownership of the fee. They admitted plaintiff held an estate for life under said deeds and, conforming thereto, prayed the court to adjudge plaintiff the owner of a life estate only and not the owner of the fee.

Upon the trial, the only facts adduced were those hereinbefore stated. They established, as stated, that plaintiff held a life estate under said deeds; that the remainder would vest in her "bodily heirs" in the event she died leaving "bodily heirs," and that the reversion, the fee, remainder in the grantor. Whether James W. Washburn, the grantor, ever deeded this reversion to another, or disposed of it by will

or died intestate is not established. Consequently, facts essential to a determination of the fee simple title vesting in James W. Washburn's children, either in defendants or in plaintiff or in both, do not appear of record.

In the circumstances, the judgment of the trial court is essentially correct, but should be modified so as to limit its effect to the issues actually presented for determination and without prejudice to any party to otherwise establish an interest in and to the lands; that is, the judgment should be modified to embrace a finding that plaintiff is seized under said deeds of an estate for life in the lands; and to adjudge that plaintiff owns an estate in said lands under said deeds for and during her natural life, and deny plaintiff's claim to the fee under said deeds; the whole without prejudice to any of the parties to assert any right, title or interest in and to said lands based upon any other set of facts. Accordingly, the judgment stands reversed and the cause is remanded with directions to modify the judgment to conform herewith. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.